WICKER, Judge.
This is an appeal from final judgment in favor of Mary Deal, plaintiff/appellant, against William and Janet Freed, defendants/appellees, for quanti minoris and breach of contract. We affirm.
Janet and William Freed sold their home to Mary Deal on May 31, 1991. Prior to the sale, Deal rented the home from the Freeds for approximately four to five weeks. During the rental period and prior to the sale, the Freeds agreed to repair a leaky kitchen sink, repair frayed carpet in the kitchen/den area, and tighten the shower and tub faucets. *460 Although the Freeds retained someone to make the repairs, the repairs were not made. Deal subsequently made the repairs herself.
On June 11, 1991, after several days of severe rain, Deal noticed that water seeped through the back wall of the house, causing the carpet and floors in the master bedroom, adjoining closet and bath to become wet. Deal then contacted the Freeds concerning the water seepage. The Freeds maintain that the house never flooded and seepage was not a problem in the ten years they occupied the home.
In May of 1992, Deal filed suit against the Freeds. The suit alleged that the Deals failed to make the agreed upon repairs at the time of sale. The petition further alleged various defects, requesting redhibition or in the alternative, quanti minoris.
After a trial on the merits the trial judge awarded damages in favor of Deal in the amount of $203.50 for the agreed upon repairs and $2,000.00 in quanti minoris for the water seepage, with each party paying then-own costs.
Deal appeals specifying the following errors: (1) the trial court erred in not finding a redhibitory defect with regard to the air conditioning; (2) the trial court erred in not finding redhibitory defects with regard to rotted wood on the house; (3) the trial court erred in awarding only $50.00 for carpet repair; and (4) the trial court erred in not awarding Deal attorney’s fees and costs.
Deal’s first two specifications of error regarding the air conditioning and rotted wood involve factual determinations by the trial court. The existence of a redhibitory defect is a question of fact which will not be disturbed absent a finding of manifest error. Doell v. Lachney, 544 So.2d 519 (La.Ct.App. 5th Cir.1989). We find no manifest error in the trial court’s finding that the defect in the air conditioning duet did not exist at the time of sale.
The air conditioning and heating expert found splits in the duct work when he inspected the air conditioning system. However, the inspection did not take place until almost two years after the sale of the house. The expert could not determine whether the splits existed at the time of the sale or had occurred in the two-year period between the sale and the inspection. Furthermore, on May 30,1991, the day prior to the sale of the house, Deal signed a document stating that the air conditioning was satisfactory at that time.
Similarly, the record supports a finding that the rotten wood at issue occurred subsequent to the sale of the house. A general contractor inspected the house and found rotted wood on the exterior of the house. However, the general contractor had not inspected the house until thirty days prior to trial, some two years after the sale of the house. The general contractor’s testimony as to whether the rotted wood existed at the time of sale was inconclusive. Testimony further revealed that any rotted wood that existed at the time of the sale was replaced in 1991 pursuant to an FHA inspection of the house.
Additionally, we find the trial court did not abuse its much discretion in awarding Deal $50.00 for the frayed carpet. See Reck v. Stevens, 373 So.2d 498 (La.1979). At the time of the sale, the Freeds agreed to repair frayed carpet in the den/kitchen area. Although the Freeds hired someone to make the repair, the carpet was never repaired. For reasons unrelated to this suit, Deal replaced the entire carpeting for a cost of only $200.00. Under the circumstances, we feel the trial judge’s award of $50.00 for the frayed carpet was equitable.
Finally, Deal argues that she is entitled to attorney’s fees. We disagree.
A seller in a redhibition suit who knew of a defect but failed to disclose it may be cast in payment of expenses including reasonable attorney’s fees. La.Civ.Code art. 2545. The trial court found the Freeds were unaware of the seepage problem when they sold the house to Deal. The Freeds testified that in the 10 years they occupied the house, seepage was not a problem. Deal provided no evidence to the contrary. We see no manifest error in the trial court’s finding. Rosell v. ESCO, 549 So.2d 840 (La.1989).
*461 Accordingly, for the foregoing reasons, the trial court’s judgment in favor of Mary Deal in the amount of $203.50 for breach of contract and $2,000.00 for quanti minoris against William and Janet Freed is affirmed.

AFFIRMED.